IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MISSOURI

ERIN ROBERTSON, individually and on behalf of a class of all persons and entities similarly situated,

        Plaintiff

vs.

MORTGAGE RESEARCH CENTER, LLC d/b/a VETERANS UNITED

        Defendant.

Case No. 2:24-cv-04106-MDH

# FIRST AMENDED CLASS ACTION COMPLAINT

## Preliminary Statement

1. "Telemarketing calls are intrusive. A great many people object to these calls, which interfere with their lives, tie up their phone lines, and cause confusion and disruption on phone records. Faced with growing public criticism of abusive telephone marketing practices, Congress enacted the Telephone Consumer Protection Act of 1991. Pub. L. No. 102-243, 105 Stat. 2394 (1991) (codified at 47 U.S.C. § 227). As Congress explained, the law was a response to Americans "outraged over the proliferation of intrusive, nuisance calls to their homes from telemarketers" *id.* § 2(6), and sought to strike a balance between "[i]ndividuals' privacy rights, public safety interests, and commercial freedoms" *id.* § 2(9).

2. "The law opted for a consumer-driven process that would allow objecting individuals to prevent unwanted calls to their homes. The result of the telemarketing regulations was the national Do-Not-Call registry. *See* 47 C.F.R. § 64.1200(c)(2). Within the federal government's web of indecipherable acronyms and byzantine programs, the Do-Not-Call registry

stands out as a model of clarity. It means what it says. If a person wishes to no longer receive telephone solicitations, he can add his number to the list. The TCPA then restricts the telephone solicitations that can be made to that number. *See id.*; 16 C.F.R. § 310.4(b)(iii)(B) ('It is an abusive telemarketing act or practice and a violation of this Rule for a telemarketer to . . . initiat[e] any outbound telephone call to a person when . . . [t]hat person's telephone number is on the "do-not-call" registry, maintained by the Commission.'). Private suits can seek either monetary or injunctive relief. *Id.* This private cause of action is a straightforward provision designed to achieve a straightforward result. Congress enacted the law to protect against invasions of privacy that were harming people. The law empowers each person to protect his own personal rights. Violations of the law are clear, as is the remedy. Put simply, the TCPA affords relief to those persons who, despite efforts to avoid it, have suffered an intrusion upon their domestic peace." *Krakauer v. Dish Network, L.L.C.*, 925 F.3d 643, 649-50 (4th Cir. 2019).

3. Plaintiff Erin Robertson ("Plaintiff") brings this action under the TCPA alleging that Mortgage Research Center, LLC d/b/a Veterans United ("Veterans United") sent telemarketing calls promoting goods and services, including to numbers that were on the National Do Not Call Registry, such as the Plaintiff. Those calls were made without the call recipient's prior express written consent.

4. Due to the *en masse* nature of telemarketing, Plaintiff brings this action on behalf of a proposed nationwide class of other persons who were sent the same illegal telemarketing calls.

5. A class action is the best means of obtaining redress for the Defendant's illegal telemarketing and is consistent both with the private right of action afforded by the TCPA and the fairness and efficiency goals of Rule 23 of the Federal Rules of Civil Procedure.

## Parties

6. Plaintiff Erin Robertson is an individual.

7. Defendant Mortgage Research Center, LLC is a limited liability company that has its principal place of business in this District.

## Jurisdiction & Venue

8. The Court has subject-matter jurisdiction under 28 U.S.C. § 1331 because the Plaintiff's claims arise under federal law.

9. Veterans United is subject to jurisdiction as it is located here.

10. Venue is proper under 28 U.S.C. § 1391(b)(2) because a substantial part of the events or omissions giving rise to the claim occurred in this District, as the calls to the Plaintiff were organized from this District.

## The Telephone Consumer Protection Act

11. In 1991, Congress enacted the TCPA to regulate the explosive growth of the telemarketing industry. In so doing, Congress recognized that "[u]nrestricted telemarketing . . . can be an intrusive invasion of privacy [.]" Telephone Consumer Protection Act of 1991, Pub. L. No. 102-243, § 2(5) (1991) (codified at 47 U.S.C. § 227).

The National Do Not Call Registry

12. The National Do Not Call Registry allows consumers to register their telephone numbers and thereby indicate their desire not to receive telephone solicitations at those numbers. *See* 47 C.F.R. § 64.1200(c)(2).

13. A listing on the Registry "must be honored indefinitely, or until the registration is cancelled by the consumer or the telephone number is removed by the database administrator." *Id*.

3
Case 2:24-cv-04106-MDH   Document 23   Filed 09/10/24   Page 3 of 13

14. The TCPA and implementing regulations prohibit the initiation of telephone solicitations to residential telephone subscribers on the Registry and provides a private right of action against any entity that makes those calls, or "on whose behalf" such calls are made. 47 U.S.C. § 227(c)(5); 47 C.F.R. § 64.1200(c)(2).

**Factual Allegations**

15. Veterans United is a mortgage company.

16. One of Veterans United's key strategies for generating leads for its clients is placing telemarketing calls.

17. Plaintiff is, and at all times mentioned herein was, a "person" as defined by 47 U.S.C. § 153(39).

18. Plaintiff's telephone number, (XXX) XXX-4337, is a non-commercial telephone number not associated with any business.

19. Plaintiff's telephone number, (XXX) XXX-4337, is used for personal residential purposes only.

20. Plaintiff's telephone number has been listed on the National Do Not Call Registry since 2023.

21. Plaintiff has never been Veterans United customer and never consented to receive calls from Veterans United.

22. Despite that, the Plaintiff received the following text messages from the Defendant in April and May of 2024:

7:31

← (660) 498-5848

Monday, Apr 29 • 1:21 PM

Hey Igbinosa! Kara here with Veterans United! I just tried giving you a call--sorry I missed you! I am going to publish some important items to your MyVU account (such as opening up a secured credit card in your name). These will be the next steps in your home-buying process!
If you have questions, my number is 800-814-1103 x2963 😊 I look forward to working with you!
Can you please confirm that you've seen our next steps?

https://my.veteransunited.com/checklist/23326859
- Kara Hall

No

Text message



(660) 498-5848

- Kara Hall

No

Monday, Apr 29 • 4:34 PM

Are you interested in purchasing a home with Veterans United?
- Kara Hall

Monday, Apr 29 • 6:20 PM

No

Tuesday, Apr 30 • 11:16 AM

I completely understand-- thank you for letting me know.
If you're ever interested in picking back up with building your credit so you can utilize your VA Benefits, don't hesitate to reach out to me. This is a completely free service we offer! I always recommend ting the credit-building process at least 6-7



I completely understand-- thank you for letting me know.
If you're ever interested in picking back up with building your credit so you can utilize your VA Benefits, don't hesitate to reach out to me. This is a completely free service we offer! I always recommend starting the credit-building process at least 6-7 months before you want to Close on a home. So, just let me know when you're ready!
I hope you have a great rest of your week
- Kara Hall

Monday, May 6 • 2:55 PM

Hey, Igbinosa! Kara with VU here. I saw you submitted a new home loan application. Have you changed your mind about utilizing your VA Benefits

23. The Plaintiff is not "Igbinosa", and has no affiliation with anyone with that name.

24. Each of the text messages encouraged the purchase or rental of, or investment in, property, goods, or services of the Defendant.

25. The first text explicitly informed the Plaintiff that the Defendant was going to open her a credit card with the Defendant so that she can begin the process of buying a home and financing it with a loan from Veteran's United.

26. The second text message advertised the Veteran's United loan services.

27. Indeed, Veteran's United website advertises that it provided more VA Home Loans by volume than any other lender as of Oct. 2023.

28. It advertises that offer they offer "Buy, Sell and Save," a bundled service program for Veterans United Customers. Eligible Customers will receive a lender credit equal to one-hundred (100) basis points of the loan amount, which may be applied to either rate or closing costs or a combination of the two. Depending on market conditions, one hundred (100) basis points is approximate to one-half (.5) of a percentage point. For example, assuming optimal market conditions, an eligible Customer would see their Loan rate lower from 6% to 5.5%.

29. To participate in these programs, potential customers must fulfill the following requirements: a) list a home for sale with a real estate agent through Veterans United Realty's referral network, with listing to occur no later than ninety (90) days after the closing of the purchase of the new home, b) purchase a home with a real estate agent through Veterans United Realty's referral network, and c) obtain thirty (30)-year fixed rate financing for the home purchase with Veterans United Home Loans.

8

Case 2:24-cv-04106-MDH    Document 23    Filed 09/10/24    Page 8 of 13

30. The third text message was for a purportedly "free" service, but even by the body of the text message states that it is designed to be a service used so that the text recipient can close on a home loan with the Defendant in 6-7 months.

31. Finally, the fourth text message is again about using the Defendant to borrow for a home loan with the acknowledgment that Plaintiff was previously uninterested in such a service.

32. Plaintiff and the other call recipients were harmed by these calls. They were temporarily deprived of legitimate use of their phones because the phone line was tied up, and their privacy was improperly invaded.

33. Moreover, these calls injured Plaintiff because they were frustrating, obnoxious, annoying, were a nuisance and disturbed the solitude of Plaintiff and the class.

## Class Action Statement

34. Plaintiff incorporates by reference all other paragraphs of this Complaint as if fully stated herein.

35. Plaintiff brings this action on behalf of himself and the following class (the "Class") pursuant to Federal Rule of Civil Procedure 23(b)(2) and/or (b)(3).

36. Plaintiff proposes the following Class definition, subject to amendment as appropriate:

> **National Do Not Call Registry Class:** All persons within the United States: (1) whose residential telephone numbers were on the National Do Not Call Registry for at least 31 days; (2) but who received more than one call promoting Defendant's loan services from Defendant or a third party acting on Defendant's behalf; (3) within a 12-month period; (4) within the four years prior to the filing of the Complaint.

37. Plaintiff is a member of and will fairly and adequately represent and protect the interests of the Class as he has no interests that conflict with any of the Class members.

38. Excluded from the Class are counsel, Defendant, and any entities in which Defendant have a controlling interest, the Defendant's agents and employees, any judge to whom this action is assigned, and any member of such judge's staff and immediate family.

39. Plaintiff and all members of the Class have been harmed by the acts of Defendant, including, but not limited to, the invasion of their privacy, annoyance, waste of time, the use of their telephone power and network bandwidth, and the intrusion on their telephone that occupied it from receiving legitimate communications.

40. This Class Action Complaint seeks injunctive relief and money damages.

41. Members of the Class as defined above, are identifiable through Defendant's dialer records, other phone records, and phone number databases.

42. Plaintiff does not know the exact number of members in the Class, but Plaintiff reasonably believes Class members number, at minimum, in the hundreds.

43. The joinder of all Class members is impracticable due to the size and relatively modest value of each individual claim.

44. Additionally, the disposition of the claims in a class action will provide substantial benefit to the parties and the Court in avoiding a multiplicity of identical suits.

45. There are well defined, nearly identical, questions of law and fact affecting all parties. The questions of law and fact, referred to above, involving the class claims predominate over questions that may affect individual Class members.

46. There are numerous questions of law and fact common to Plaintiff and to the proposed Class, including, but not limited to, the following:

      a.      Whether Defendant made multiple calls to Plaintiff and members of the National Do Not Call Registry Class;

      b.      Whether Defendant's conduct constitutes a violation of the TCPA; and

      c.      Whether members of the Class are entitled to treble damages based on the willfulness of Defendant's conduct.

47. Plaintiff has retained counsel with substantial experience in prosecuting complex litigation and class actions, and especially TCPA class actions. Plaintiff and his counsel are committed to vigorously prosecuting this action on behalf of the other members of the Class, and have the financial resources to do so.

48. Common questions of law and fact predominate over questions affecting only individual Class members, and a class action is the superior method for fair and efficient adjudication of the controversy. The only individual question concerns identification of Class members, which will be ascertainable from records maintained by Defendant and/or its agents.

49. The likelihood that individual members of the Class will prosecute separate actions is remote due to the time and expense necessary to prosecute an individual case.

50. Plaintiff is not aware of any litigation concerning this controversy already commenced by others who meet the criteria for class membership described above.

## FIRST CAUSE OF ACTION

**Violation of the Telephone Consumer Protection Act**
**(47 U.S.C. § 227(c)(5) & 47 C.F.R. § 64.1200(c) on behalf of Plaintiff and the National Do Not Call Registry Class)**

51. Plaintiff incorporates the allegations from all previous paragraphs as if fully set forth herein.

52. The foregoing acts and omissions of Defendant and/or its affiliates, agents, and/or other persons or entities acting on Defendant's behalf constitute numerous and multiple violations of the TCPA, 47 U.S.C. § 227. by making telemarketing calls, except for emergency purposes, to Plaintiff and members of the National Do Not Call Registry Class despite their numbers being on the National Do Not Call Registry.

53. Defendant's violations were negligent, willful, or knowing.

54. As a result of Defendant's and/or its affiliates, agents, and/or other persons or entities acting on Defendant's behalf, violations of the TCPA, 47 U.S.C. § 227, Plaintiff and members of the National Do Not Call Registry Class are entitled to an award of up to $500 in damages for each and every call made and up to $1,500 in damages if the calls are found to be willful.

55. Plaintiff and the members of the National Do Not Call Registry Class are also entitled to and do seek injunctive relief prohibiting Defendant and/or its affiliates, agents, and/or other persons or entities acting on Defendant's behalf from making telemarketing calls to telephone numbers registered on the National Do Not Call Registry, except for emergency purposes, in the future.

**PRAYER FOR RELIEF**

**WHEREFORE**, Plaintiff, individually and on behalf of the Class, prays for the following relief:

A. Injunctive relief prohibiting Defendant from calling telephone numbers advertising its goods or services, except for emergency purposes, to any residential number on the National Do Not Call Registry in the future;

B.  That the Court enter a judgment awarding Plaintiff and all Class members statutory damages of $500 for each violation of the TCPA and $1,500 for each knowing or willful violation; and

C.  An order certifying this action to be a proper class action pursuant to Federal Rule of Civil Procedure 23, establishing a Class the Court deems appropriate, finding that Plaintiff is a proper representative of the Class, and appointing the lawyers and law firms representing Plaintiff as counsel for the Class;

D.  Such other relief as the Court deems just and proper.

## JURY DEMAND

Plaintiff requests a jury trial as to all claims of the complaint so triable.

Dated: September 10, 2024

Respectfully submitted,

*/s/ Avi R. Kaufman*
Avi R. Kaufman
KAUFMAN P.A.
237 S Dixie Highway, Floor 4
Coral Gables, Florida 33133
Telephone: (305) 469-5881
kaufman@kaufmanpa.com

M. Cory Nelson
MCN Law LLC
12433 Antioch Rd. # 25442
Overland Park, KS 66225
Email: mcorynelson@mcnlawllc.com
Tel: 913-358-5800

*Attorneys for Plaintiff and the putative Class*