IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
CENTRAL DIVISION

| | |
|---|---|
| **ERIN ROBERTSON,** *Individually and on behalf of a class of all persons and entities similarly situated,* | )<br>)<br>)<br>) |
| **Plaintiff,** | )<br>) |
| vs. | ) Case No. 2:24-cv-04106-MDH |
| **MORTGAGE RESEARCH CENTER, LLC** *d/b/a Veterans United,* | )<br>)<br>)<br>) |
| **Defendant.** | ) |

## ORDER

Before the Court are Defendant's Motion to Dismiss (Doc. 27); Motion to Strike Class Allegations (Doc. 29); Motion to Stay Discovery (Doc. 31); and Motion to Bifurcate Discovery (Doc. 33). The motions are ripe for review.

## BACKGROUND

Plaintiff's First Amended Complaint brings a claim under the Telephone Consumer Protection Act alleging that Defendant sent telemarketing calls or messages to her when her number was listed on the National Do Not Call Registry. Plaintiff brings her claims on behalf of herself and a proposed nationwide class of individuals who were sent the same alleged illegal telemarketing calls.

Plaintiff further alleges she has never been a customer of Defendant and never consented to receive calls from Defendant. Plaintiff states that despite this, she received four text messages from Defendant that encouraged the purchase or rental of, or investment in, property, goods, or

1

services of the Defendant. Plaintiff alleges the messages violate provisions of the Telephone Consumer Protection Act (47 U.S.C. § 227(c)(5) & 47 C.F.R. § 64.1200(c).

## STANDARD

A complaint that "fail[s] to state a claim upon which relief can be granted" is subject to dismissal under Rule 12(b)(6). Under this rule, a complaint should be dismissed unless it "contain[s] sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). The Eighth Circuit Court of Appeals explained, "[a] claim survives a Rule 12(b)(6) motion to dismiss only if the complaint's nonconclusory allegations, accepted as true, make it not just 'conceivable' but 'plausible' that the defendant is liable." *Mitchell v. Kirchmeier*, 28 F.4th 888, 895 (8th Cir. 2022) (quoting *Iqbal*, 556 U.S. at 680-83, 129 S .Ct. 1937). A claim "has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id*.

## DISCUSSION

1. **Motion to Dismiss**

Defendant moves to dismiss Plaintiff's Complaint arguing that the messages Plaintiff received are not "telephone solicitations" under the TCPA. Defendant further argues that the messages were transactional communications that were directly related to facilitating and completing an existing transaction between Defendant and Plaintiff. While Defendant's arguments raise factual disputes and possible defenses to Plaintiff's claims, they do not warrant dismissal.

Here, it is clear Plaintiff alleges she was never a customer of Defendant, never consented to the communications from Defendant, and that there was no existing "transaction" or business relationship between the parties. For purposes of analyzing a motion to dismiss the Court looks at

the pleading in a light most favorable to Plaintiff. This analysis also applies to Defendant's arguments that the messages are transactional. Defendant's arguments that the messages were transactional because they were directly related to facilitating and completing an existing transaction is a factual dispute. Plaintiff clearly alleges this did not exist.

Reviewing the First Amended Complaint in a light most favorable to Plaintiff, she has alleged violations of the TCPA. Whether Plaintiff may ultimately prevail can be established through discovery in this case. Defendant's Motion to Dismiss is **DENIED**. (Doc. 27).

2. **Motion to Strike Class Allegations**

Defendant also moves to strike the class allegations from Plaintiff's Complaint. Defendant argues that the proposed class includes individuals who either consented to communications or maintained business relationships with Defendant who would explicitly be exempt from TCPA claims. Defendant further argues that the class is overly broad as it fails to exclude individuals who have not personally registered their numbers on the National DNC registry. Defendant contends Plaintiff cannot satisfy Rule 23's requirements.

First, whether Plaintiff will be able to certify a class with regard to her claims is unknown at this time. As stated by Plaintiff, discovery in this case will determine if the case is amenable to class certification. Plaintiff has alleged a facially certifiable class. Defendant's arguments regarding whether she is in fact a member of the alleged class, or whether she can establish the Rule 23 requirements to have a class certified, is certainly not an issue the Court can rule on based on the allegations contained in Plaintiff's First Amended Complaint. Simply because Defendant believes Plaintiff's claims will fail does not mean the Court has a basis to strike the claims or allegations at this preliminary stage of the litigation. See e.g., *Stanbury Law Firm v. I.R.S.*, 221 F.3d 1059, 1063 (8th Cir. 2000) ("Upon motion made by a party ... or upon the court's own

initiative at any time, the court may order stricken from any pleading any insufficient defense or any redundant, immaterial, impertinent, or scandalous matter. Because the rule is stated in the permissive, however, it has always been understood that the district court enjoys liberal discretion thereunder. Despite this broad discretion however, striking a party's pleadings is an extreme measure, and, as a result, we have previously held that motions to strike under Fed.R.Civ.P. 12(f) are viewed with disfavor and are infrequently granted.") (internal citations and quotations omitted).

The Court finds the parties should be afforded an opportunity to conduct discovery and present evidence on the issues raised by Plaintiff's class action allegations and that a motion to strike is premature. See e.g., *Walker v. World Tire Corp.*, 563 F.2d 918, 921 (8th Cir. 1977) ("The propriety of class action status can seldom be determined on the basis of the pleadings alone.").

Here, Defendant does not deny that the messages were sent, the issue is whether the messages violated the TCPA and whether Plaintiff can meet the requirements of Rule 23 for class certification of her claims based on those messages. Defendant's Motion to Strike is **DENIED**. (Doc. 29).

3. **Motion to Stay Discovery**

Defendant has moved the Court to stay discovery pending the resolution of its pending motions to dismiss and strike. The Court denies this motion as moot. There is no basis to stay discovery. The Court has denied the motions to dismiss and strike and discovery should proceed pursuant to the Court's Scheduling Order. The Motion to Stay Discovery is **DENIED**. (Doc. 31).

4. **Motion to Bifurcate Discovery**

Defendant moves to bifurcate discovery to address Plaintiff's individual claims and potentially avoid the need for extensive and burdensome class discovery if Plaintiff's claims fail.

4

In response, Plaintiff argues the issue of whether the messages sent were telephone solicitations is a common class wide issue that would be resolved after class certification for every class member that received substantially similar text messages. Plaintiff argues there is complete overlap between class merits and individual merits discovery. Further, Plaintiff argues class certification discovery involves identifying consumers who received the same types of text messages as Plaintiff. Plaintiff argues there is no need to bifurcate discovery.

The determination of whether to bifurcate discovery is within the discretion of the Court. The Court can look to the factors of convenience, prejudice, expediency, and economy when determining whether to bifurcate discovery. See *Adam v. CHW Grp., Inc.,* 2021 WL 7285904, at *2 (N.D. Iowa June 29, 2021). The burden is on the party seeking bifurcation to show that it will be prejudiced if claims are not bifurcated, and the party must allege undue burden, expense, or prejudice associated with the discovery. See e.g., *Ameritas Life Ins. Corp. v. Fed. Ins. Co*., 2017 WL 432693, at *2 (D. Neb. Jan. 31, 2017) and *United States v. Thompson*, 2014 WL 2624927, at *4 (D. Neb. June 12, 2014)

Here, the Court does not find bifurcation is necessary. Plaintiff's claims and any potential class members' claims overlap. The class certification will be tied to the issues surrounding standing and the merits of the claims. The Motion to Bifurcate Discovery is **DENIED**. (Doc. 33).

**IT IS SO ORDERED.**

DATED: December 9, 2024

                                               */s/ Douglas Harpool*
                                               **DOUGLAS HARPOOL**
                                               **UNITED STATES DISTRICT JUDGE**